**Henry Meinshausen et al., Appellees, v. Louis C. Alter et al., on appeal of Walter D. Braden, Appellant.**

### Gen. No. 21,860.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed February 14, 1916. Rehearing denied February 28, 1916.

### Statement of the Case.

Bill by Henry Meinshausen and others, complainants, against Louis C. Alter, Walter D. Braden and others, defendants, to foreclose a trust deed. From a decree of foreclosure ordering the sale of the property to satisfy the amount found due by the master's report, defendant Braden appeals.

It appeared the trust deed foreclosed was given to secure the principal sum of $1,500 and interest, payable half yearly, the interest being evidenced by coupon interest notes of $45 each. Two of these notes matured and were not paid at the time the bill was filed. The mortgaged property had before this time been sold for taxes and the certificate of sale was outstanding, uncanceled and unreleased, at the time the bill was filed. The trust deed contained a covenant authorizing the legal holder of the indebtedness to declare due the whole amount unpaid upon default in payment of any interest coupon for thirty days, or in the event of failure to pay taxes on the mortgaged premises when due. In accordance with these provisions, complainants declared the whole sum due by reason of the nonpayment of the two interest coupons and the nonpayment of taxes and the sale of the mortgaged premises by reason of such nonpayment.

Defendant Braden confessed and endeavored by his

answer to avoid the legal consequences of these facts. He contended that his agent paid these interest coupons at the place where they were payable; that the person to whom the interest was paid delivered to appellant's agent two coupon interest notes for $45 each, duly canceled. It transpired that these coupon interest notes did not relate to the mortgaged property, but to other property near by, which was mortgaged by another trust deed to the same trustee and was of like tenor, date and amount as that secured by the trust deed foreclosed. There were many other such trust deeds in many essential particulars the same as that found in the bill in the record, but covering other, though contiguous, property. It appeared that there was some negligence on the part of the agent of defendant paying in two coupons due under a trust deed covering property other than that secured by the trust deed in this record, although complainants denied this.

Joseph Rosenberg, for appellant.

Alexander H. Heyman, for appellees.

Mr. Justice Holdom delivered the opinion of the court.

## Abstract of the Decision.

1. Principal and Agent, § 149*—*when principal bound by negligence of agent.* Negligence of an agent in accepting interest coupons from another mortgage than that of the principal on which he had been directed to pay the interest is negligence of the principal.

2. Mortgages, § 599*—*when ownership of certificate of sale no defense on foreclosure for failure to pay taxes.* The ownership by the mortgagor of the certificate of sale of the mortgaged property which had been sold for nonpayment of taxes is no defense on the foreclosure of the mortgage under a provision therein authorizing the legal holder of the indebtedness to declare due the whole amount unpaid in the event of failure to pay taxes on the mortgaged premises when due.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.